# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTEN LEE SARNOSKI, | : CIVIL NO. 3:12-CV-0498 |
| Petitioner, | : (Judge Mariani) |
| v. | : |
| COMMONWEALTH OF PA, et al., | : |
| Respondents. | : |

## MEMORANDUM

### I.     Introduction

Petitioner Kristen Lee Sarnoski ("Petitioner" or "Sarnoski"), a state inmate confined at the State Correctional Institution Muncy ("SCI Muncy") in Muncy, Pennsylvania, initiated the above-captioned action by filing a pro se Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2254. (Doc. 1.)

Sarnoski challenges her 2010 conviction in the Court of Common Pleas of Lackawanna County, Pennsylvania, following her entry of a guilty plea to the crimes of possession of a prohibited offensive weapon in violation of 18 Pa. Cons. Stat. Ann. § 908(a) and disorderly conduct through fighting in violation of 18 Pa. Cons. Stat. Ann. § 5503(a)(1).[1] She alleges that the charges to which she pled guilty did not accurately reflect the crime she committed under state law, and that

---

[1] See Commonwealth v. Sarnoski, Docket Number CP-35-CR-0001712-2010, available at http://ujsportal.pacourts.us/DocketSheets/CP.aspx. Sarnoski states in her Petition that she also was convicted of simple assault, theft by unlawful taking, and driving under the influence, but these convictions are not reflected on the criminal docket she references in her Petition.

a fictitious "possession" charge on her Pre-Sentencing Investigation ("PSI") caused her Prior Record Score ("PSR") to be higher than it should have been. (Id. at 5.) Sarnoski states that she presently is serving a fourteen (14) month to four and a half (4 ½) year term of imprisonment that was imposed by the Court of Common Pleas of Lackawanna County on May 9, 2011. (Id. at 1.)

Sarnoski has filed a Motion for leave to proceed in forma pauperis. (Doc. 2.) For the reasons set forth below, her Motion will be granted for the sole purpose of filing the Petition, and the Court will dismiss the Petition without prejudice as a result of Sarnoski's failure to exhaust state court remedies.

## II.    Discussion

As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. §§ 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-20 (1982); Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993); Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition . . . ." Santana v. Fenton, 685 F.2d 71, 77 (3d Cir. 1982).[2] The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to

---

[2] Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994); Schandelmeier v. Cunningham, 819 F.2d 52, 55 (3d Cir. 1986).

determine and correct any violations of a prisoner's federal rights." Gibson, 805 F.2d at 138.

A habeas corpus petitioner bears the burden of demonstrating that she has satisfied the exhaustion requirement. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000)(citing Lambert v. Blackwell, 134 F.3d 506, 513 (3d. Cir. 1997)).

It is evident on the face of the Petition that Sarnoski has not exhausted her state court remedies. She states that, while she did not file a direct appeal from her judgment of sentence, she filed a petition with the sentencing court pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-9546, on September 14, 2011 that still is pending with that Court. A review of the lower court docket sheet confirms that Sarnoski's PCRA petition was filed on September 14, 2011, the Commonwealth filed an Answer on September 26, 2011, and the petition remains pending before the Court.[3] Accordingly, this Court must allow the state proceedings to conclude before entertaining Sarnoski's request for federal habeas corpus relief.

While federal courts may deviate from the exhaustion requirement and intervene in highly exceptional circumstances, such an exception would be justified only if Sarnoski lacked any real opportunity to obtain redress in the state court, or if the corrective process was so clearly deficient as to render futile any effort to obtain relief. See Duckworth v. Serrano, 454 U.S. 1 (1981). Sarnoski cannot meet these stringent requirements to obtain premature federal review of her claim. First, she clearly has other avenues of redress in that she has filed a PCRA petition that is pending

---

[3] See Commonwealth v. Sarnoski, Docket Number CP-35-CR-0001712-2010, available at http://ujsportal.pacourts.us/DocketSheets/CP.aspx

3

before the sentencing court and which ultimately may provide the relief sought in the instant Petition. Second, nothing contained in the Petition indicates that an inordinate delay in the adjudication of Sarnoski's claims has occurred in the past or will occur. Finally, Sarnoski neither has alleged nor shown any deficiency or irregularity in the state corrective process or other justification sufficient to warrant exemption from the exhaustion rule. Accordingly, the policy behind exhaustion would be best served by dismissing the Petition, without prejudice to Sarnoski's right to re-file promptly at the conclusion of state court proceedings.

However, to avoid the risk that a second section 2254 petition will be barred by the expiration of the one-year statute of limitations while Sarnoski is exhausting state court remedies, we must decide whether to stay the Petition rather than dismiss it. See Crews v. Horn, 360 F.3d 146 (3d Cir. 2004).

Under 28 U.S.C. § 2244(d)(1), a state defendant has one year to file a section 2254 petition. For our purposes, that period starts to run from the date the conviction becomes final, defined in section 2244(d)(1)(A) as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The limitations period also is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Given the procedural history of Sarnoski's state court proceedings, we can dismiss the instant Petition rather than stay it because, even on the strictest calculation of the limitations period, Sarnoski still has time to return to federal court after exhausting state court remedies, as

Case 3:12-cv-00498-RDM -SF Document 4 Filed 03/26/12 Page 5 of 6

her judgment of sentence had not yet become final at the time she filed a PCRA petition inasmuch as she still was within the thirty (30) day time period during which she could have filed a direct appeal[4], and the federal limitations period is tolled while her PCRA petition is pending, see 28 U.S.C. § 2244(d)(2).

## III.   Conclusion

Based on the foregoing, the Petition will be dismissed without prejudice to Sarnoski's right to re-file at the conclusion of state court proceedings. Moreover, because Sarnoski has failed to exhaust her issues in state courts, she also has failed to make a showing of the denial of a constitutional right. Thus, a certificate of appealability will not be granted. However, Sarnoski is advised that she has the right for thirty (30) days to appeal our Order denying her Petition, see 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent her from doing so, as long as she also seeks, and obtains, a certificate of appealability from the court of appeals. See Fed. R. App. P. 22; 3d Cir. R. 22.1. An appropriate Order follows.

Robert D. Mariani
United States District Judge

---

[4] In Pennsylvania, a criminal defendant has thirty days from the date of her sentencing to file a direct appeal with the Superior Court. See 42 Pa. Cons. Stat. § 9545(b)(3); Pa. R. App. P. 903(a); Pa. R. Crim. P. 720(A)(3).

5

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KRISTEN LEE SARNOSKI,** | : | CIVIL NO. 3:12-CV-0498 |
| Petitioner, | : | (Judge Mariani) |
| v. | : | |
| **COMMONWEALTH OF PA, et al.,** | : | |
| Respondents. | : | |

## ORDER

AND NOW, TO WIT, THIS 26TH DAY OF MARCH, 2012, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Motion for leave to proceed in forma pauperis (Doc. 2) is **GRANTED** for the sole purpose of filing the Petition.

2. The Petition for Writ of Habeas Corpus is **DISMISSED** without prejudice to Petitioner's right to re-file at the conclusion of state court proceedings.

3. A certificate of appealability is **DENIED**.

4. The Clerk of Court shall **CLOSE** this case.

Robert D. Mariani
United States District Judge